Granger, C. J., and McCauley, J.,
(dissenting). The parties expressly agreed ■ that the $150 was to be paid “when said note was collected.” To collect a note is a very different act from either a pledge or a sale of it. The contracting parties were business men, and presumably familiar with all these acts so likely to be done in connection with a note, and with the words by which each act is usually described. If Hillhouse wished to retain a right to receive the $150 in case Loren & Co. “sold,” or “realized,” on the note, he could easily have inserted the proper word, or words, if that was the real contract. Construed according to the ordinary meaning of the words, the contract meant that Hillhouse was to receive the $150 whenever the whole note was collected from the makers, or from him as indorser. If called upon to respond in that character, by Loren & Co., he could have “set off” the $150. If the whole note had been collected from him as indorser by a purchaser for value, before due, without notice, he could then have sued Loren & Co. for the $150.
The cases cited by counsel where parties were allowed to collect before the happening of the event by which the time of payment was to be determined, are cases where it was evident from the contract that actual payment was intended to be made, and the event referred to as fixing the time for payment became impossible, without the fault of the payee, or was delayed by the act or fault of the holder.
*306 In this case the collection remained easily feasible. Judg ment was rendered against Hillhouse as indorser on March 15, 1878, only six months after the note fell due. All that Hillhouse had to do, was-to pay the judgment and at once sue Loren & Co. for the $150.. On September 5, 1877, it was his duty, under his indorsement to make full payment of the note to the then holder. If he had fulfilled his own contract he would have been then entitled to sue Loren & Co. for the $150. By the judgment here complained of, although actually in default himself, he was held entitled to sue on September 16, 1877. He so sued in September, 1879. But as the note has never been collected; as the petition does not attempt to aver that collection had become impossible without Hillhouse’s fault, we think the demurrer to the petition,should have been sustained, and that the judgments below should be reversed.